IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JUDY COX, on behalf of Darrell Clay Cox           PLAINTIFF

v.                    NO. 3:18-cv-00165 DPM/PSH

NANCY A. BERRYHILL, Acting Commissioner           DEFENDANT
of the Social Security Administration

ORDER

Plaintiff Judy Cox ("Cox"), on behalf of Darrell Clay Cox, began the case at bar by filing a pro se complaint in which Cox sought supplemental security income payments allegedly owed her deceased son, Darrell Clay Cox. The Acting Commissioner of the Social Security Administration ("Commissioner") has now filed the pending motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6). See Docket Entry 9. In the motion, the Commissioner maintains that the Court does not have jurisdiction of the "[supplemental security income] portion of the claim under 42 U.S.C. 1383(c)(3)." See Docket Entry 8 at CM/ECF 2.[1] The Commissioner accompanied her motion with several documents, one of which is the Declaration of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations for the Social Security Administration.

---

[1] It is not clear why the Commissioner maintains that the Court does not have jurisdiction of the supplemental security income portion of the claim when there does not appear to be a claim for any other type of benefit. The Court would likely benefit from some clarification of that issue.

The Court does not know at this time what recommendation will be made as to the Commissioner's motion to dismiss or whether the exhibits will be considered in making the recommendation. Out of an abundance of caution, the Court will treat the Commissioner's motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Federal Rule of Civil Procedure 12(d).[2] The parties are given up to, and including, November 26, 2018, to present all materials pertinent to the Commissioner's now motion for summary judgment.

IT IS SO ORDERED this 5th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 12(d) provides, in full, the following: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Court recognizes that the requirements of Rule 12(d) do not apply to a motion filed pursuant to Rule 12(b)(1) and (2), but it is best to simply treat the motion as one for summary judgment pursuant to Rule 56.