IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JUDY COX, on behalf of Darrell Clay Cox                                              PLAINTIFF

v.                              NO. 3:18-cv-00165 DPM/PSH

NANCY A. BERRYHILL, Acting Commissioner                                    DEFENDANT
of the Social Security Administration

# FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

INTRODUCTION. The Acting Commissioner of the Social Security Administration ("Commissioner") has filed the pending motion for summary judgment. See Docket Entry 8.[1] For the reason that follows, the undersigned recommends that the motion be granted and this case be dismissed without prejudice.

PLEADINGS. The record reflects that plaintiff Judy Cox ("Cox"), on behalf of Darrell Clay Cox, began the case at bar by filing a pro se complaint. In the complaint, Cox sought the supplemental security income payments allegedly owed her deceased son, Darrell Clay Cox, or, alternatively, the living expenses she incurred on his behalf prior to his death.

The Commissioner thereafter filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), a motion the undersigned subsequently construed as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Docket Entry 10.[2] In the motion, the Commissioner maintained that the federal courts lack jurisdiction because Cox is "not an acceptable substitute party for [Darrell Clay Cox's] claim for [supplemental security income payments]" and there is no evidence that "the State was a potential party of interest for having provided interim assistance." See Docket Entry 9 at CM/ECF 2.

---

[1] A motion for summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Federal Rule of Civil Procedure 56.

[2] The Commissioner accompanied her motion to dismiss with several documents. The undersigned briefly examined the motion and could not determine whether the documents would be considered in making a recommendation on the motion. Out of an abundance of caution, the undersigned elected to treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56, and the parties were given an opportunity to present all materials pertinent to such a motion.

Cox filed a response to the motion to dismiss. In the response, she clarified that she was not seeking the supplemental security income payments allegedly owed her son but was instead seeking reimbursement for living expenses. She maintained that she incurred the expenses because she was required to care for him as he suffered from severe impairments and was unable to work.

FACTS. The Commissioner accompanied her motion with several documents, one of which is the Declaration of Cristina Prelle ("Prelle"). The facts outlined in Prelle's declaration are unrebutted, supported by the record as a whole, and establish that the material facts are not in dispute. Those facts, as well as facts derived from the record as a whole, are as follows:

1. On February 29, 2016, Darrell Clay Cox filed an application for supplemental security income payments in which he alleged that he had become disabled beginning on December 1, 2011. See Docket Entry 9, Exhibit A at CM/ECF 13.

2. On February 16, 2018, an Administrative Law Judge ("ALJ") found that although Darrell Clay Cox, a fifty-year-old man, suffered from severe impairments in the form of bilateral leg swelling, anxiety, and post-traumatic stress disorder, Cox was not under a disability as defined by the Social Security Act at any time since the date of his application. See Docket Entry 9, Exhibit A at CM/ECF 13-23.

3. Darrell Clay Cox died on February 21, 2018. See Docket Entry 9, Declaration of Cristina Prelle at CM/ECF 3.

4. On March 16, 2018, the Social Security Administration received a letter from Cox, Darrell Clay Cox's mother, appealing the ALJ's unfavorable decision. See Docket Entry 9, Declaration of Cristina Prelle at CM/ECF 3.

5. In the letter, Cox represented that she was required to watch her son twenty-four hours a day, described the many difficulties and problems she encountered doing so, and asked that she be awarded his "back pay." See Docket Entry 9, Exhibit A at CM/ECF 32-33.

6. The Appeals Council construed Cox's letter as a request for review and, on August 10, 2018, denied the request. See Docket Entry 9, Declaration of Cristina Prelle at CM/ECF 3.

7. An Administrative Appeals Judge, acting on behalf of the Appeals Council, gave the following reason for denying the request for review:

> Social Security Administration regulations 20 CFR 416.1471(b) provide that the Appeals Council may dismiss a request for review where the claimant dies and the dismissal will not adversely affect a survivor or other qualified person, as those terms are defined in 20 CFR 416.542(b), who wishes to continue the action. However, with respect to claims for supplemental security income, the Appeals Council will not dismiss a request for review if the claimant had authorized interim assistance reimbursement to a State pursuant to section 1631(g) of the Social Security Act (20 CFR 416.1471(b)).
>
> The Social Security Office in Jonesboro, AR advised the Appeals Council that there is no survivor or other qualified person adversely affected who wishes to proceed with the request for review. Additionally, there is no evidence to indicate that [Darrell Clay Cox] authorized interim assistance reimbursement to a State under section 1631(g) of the Act.

See Docket Entry 9, Exhibit A at CM/ECF 41.

8. In denying the request for review, the Appeals Council "did not provide court rights to [Cox]." See Docket Entry 9, Exhibit A at CM/ECF 42.

9. On August 29, 2018, Cox began the case at bar by filing a complaint on behalf of her deceased son.

ANALYSIS. The undersigned begins by noting that Cox is proceeding pro se. Her pleadings therefore have been given a liberal construction. Having so construed her pleadings, the undersigned finds that, notwithstanding her assertion to the contrary, she is seeking the supplemental security income payments allegedly owed her son. She is deemed not to be seeking the living expenses she incurred while caring for him or his "back pay," given that those amounts cannot be awarded in this type of case.

20 C.F.R. 416.1471(b) provides, in part, that the Appeals Council may dismiss any proceeding before it if, inter alia, the following scenario arises:

> [the claimant] die[s], there are no other parties, and [the Appeals Council has] no information to show that [the claimant] may have a survivor who may be paid benefits due to [the claimant] under [20 C.F.R.] 416.542(b) and who wishes to pursue the request for review, or that [the claimant] authorized interim assistance reimbursement to a State pursuant to section 1631(g) of the Act.

20 C.F.R. 416.542(b) identifies the persons who may be a "survivor who may be paid benefits due to the claimant." The persons include certain classes of spouses and a "natural or adoptive parent" if the claimant was a "disabled or blind child." See 20 C.F.R. 416.542(b)(2).[3]

Ignoring the fact that Cox has not shown why the ALJ's decision is not supported by substantial evidence on the record as a whole, Cox is not the spouse of Darrell Clay Cox. Although she is his mother, he was not a disabled or blind child. He was instead fifty-years-old on the date of the ALJ's decision. Consequently, Cox is not a "survivor who may be paid benefits due to the claimant" and is not what the Commissioner

---

[3] 20 C.F.R. 416.542(b)(4) provides, in part, that no benefits may be paid to the claimant's estate, the estate of the surviving spouse, the estate of a parent, or to any survivor other than those listed in 20 C.F.R. 416.542(b).

5

characterizes as "an acceptable substitute party." Moreover, there is no evidence that the State was a potential party of interest for having provided interim assistance. In short, the Appeals Council could find as it did with respect to Cox's request for review. Darrell Clay Cox's claim for supplemental security income payments did not survive his death, and the federal courts lack subject matter jurisdiction in this instance.[4]

RECOMMENDATION. There is no genuine dispute as to any material fact, and the Commissioner is entitled to judgment as a matter of law. The undersigned recommends that her motion for summary judgment be granted and this case be dismissed without prejudice.

DATED this 29th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] See Eachus on behalf of Thompson v. Commissioner of the Social Security Administration, 2017 WL 3866873, at *1 (M.D.Fla. 2017), in which a district court found the following:

> Plaintiff also asserts a claim under supplemental security income. ... Pursuant to 42 U.S.C. 1383(b)(1)(A), generally a claimant's claim for supplemental security income extinguishes upon a claimant's death. See also 20 C.F.R. § 416.542(b)(1)-(4) (no benefits under supplemental security income may be paid to an estate of a deceased claimant unless to a surviving eligible spouse or eligible parent of a disabled or blind child). In this case, the Court finds that Plaintiff's claim for supplemental security income does not survive Mr. Thompson's death. ...

See also Hill v. Barnhart, 2006 WL 910010 (W.D.Va. 2006) ("As the regulations clearly state that [supplemental security income] benefits may not be paid to a decedent's estate or any survivor other than a surviving spouse, and as plaintiff has died leaving no eligible surviving spouse, plaintiff's death renders this case moot.")